**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3355
_____

COREY L. HARRIS, "VAMC employee",
Appellant

v.

ROBERT WILKIE, in his official capacity of Secretary of Department of
Veteran Affairs Agency; JOHN A. GENNARO, Director Erie VAMC in his official
capacity; JENNIFER MELEWSKI, HR, Erie VAMC her official capacity;
CHRISTOPHER SLABIC, VAMC in his official capacity; JOHN KRAWISE, Erie
VAMC in his official capacity; CAROLYN DONNELL, Supervisor VAMC in her
official capacity; CONNIE M. FALUSZCZAK, Erie VAMC in her official capacity of
HR; GERALYNN NIES, Chief Human Resource (HR) in their official capacity of Erie
Pa; JOHN DOE, Erie Pa VAMC in their official capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:20-cv-00297)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2021

Before: GREENAWAY, JR., KRAUSE and BIBAS, Circuit Judges

(Opinion filed January 28, 2021)

_____

OPINION*

_____

PER CURIAM

Corey Harris was employed by the VA Medical Center in Erie, Pennsylvania (the VA) as a nurse. Proceeding pro se and in forma pauperis, Harris filed in the District Court a complaint claiming that the decision of the VA to terminate his employment was fueled by discrimination, in violation of Title VII. He also claimed that the VA misappropriated "trade secrets" with respect to his "medical discoveries," DC ECF No. 5 at 4, and that it failed to properly investigate the circumstances of his termination, in violation of the Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution.

Harris's complaint, however, lacked a comprehendible factual narrative underpinning any of the above-referenced legal theories.[1] For that reason, the District Court—screening the case under 28 U.S.C. § 1915(e)—determined that the complaint did not comply with Federal Rule of Civil Procedure 8(a), and entered an order of dismissal without prejudice to the filing of an amended complaint.[2] The District Court warned

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court characterized Harris's pleading in terms more epicurean. See DC ECF No. 10 at 1 ("[T]he Complaint fairly may be described as a word-salad of cryptic 'factual' references − the context of which cannot be discerned and/or understood − generously spiced with 'legalese' and laundry lists of constitutional and statutory provisions purportedly violated.").

2

Harris that, should he craft an amended complaint, he was to "make last, best efforts to comply with Rule 8, and to state claim(s) upon which relief properly may be granted, because further opportunity for amendment will not be afforded." DC ECF No. 10 at 2.

Harris filed an amended complaint. It was half as long as the original. But there was no improvement on the accessibility front, rendering the two pleadings different in look only—as between cardinal and crimson—when together read. With its warning unheeded, the District Court promptly dismissed the amended complaint with prejudice and entered final judgment. After his motion for reconsideration failed, Harris appealed.[3]

In certain cases, there may be good reasons to give a plaintiff, particularly a pro se one, two (or more) shots at amendment. That said, "the question before us is not whether we might have chosen a more lenient course than dismissal . . . but rather whether the District Court abused its discretion in ordering the dismissal." Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019). And there was no such abuse here. Harris has had, in effect, four opportunities to persuade a court that he could adequately plead his claims— the original complaint, the amended complaint, the motion for reconsideration, and, most recently, his appellate brief—and he's missed with each. Cf. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that courts have power to dismiss a "prolix complaint" without leave to amend where such leave "has previously been given and the

---

[2] Rule 8(a) requires, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

successive pleadings remain prolix and unintelligible"). We thus conclude with

confidence that dismissal of the amended complaint on Rule 8 grounds was appropriate.

Accordingly, the District Court's judgment will be affirmed.

---

[3] We have jurisdiction under 28 U.S.C. § 1291. Our review is for abuse of discretion. <u>See</u> <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 673 (3d Cir. 1999) (reconsideration review); <u>In re Westinghouse Sec. Litig.</u>, 90 F.3d 696, 702 (3d Cir. 1996) (Rule 8 review).